IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

STANLEY F. WILSON,

      Plaintiff,

v.                                            Case 2:11-cv-02302-JTF-cgc

UNITED STATES OF AMERICA,

      Defendant.

REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS
AND PLAINTIFF'S MOTION FOR JOINDER

Before the Court is Defendant United States of America's Motion to Dismiss (Docket Entry "D.E." #15), which is filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and Plaintiff Stanley F. Wilson's "Motion Joiner of Claim Rule 18(a)(b)" ("Motion for Joinder") (D.E. #34). The instant motions have been referred to the United States Magistrate Judge for Report and Recommendation. (D.E. #25). For the reasons set forth herein, it is recommended that Defendant's Motion to Dismiss be GRANTED and Plaintiff's Motion for Joinder be DISMISSED AS MOOT.

**I. Background**

On April 19, 2011, Plaintiff filed a pro se Complaint in this Court. Plaintiff's Complaint asserts that his claims are under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* ("FTCA"), which would provide this Court with subject matter jurisdiction pursuant to 28 U.S.C. § 1346(b). While the majority of Plaintiff's Complaint contains a discussion of a myriad of legal concepts, it appears that the factual basis of Plaintiff's Complaint is that he is continuing to challenge the

1

disability rating that he received following an injury he received in the armed forces in 1968 during the Vietnam conflict. (Compl. ¶¶ 4, 5, 8-14, 22-25). Plaintiff's Complaint alleges that he has disputed his disability rating since approximately 1978. (Compl. ¶ 10).

Plaintiff's sole exhibit to his Complaint, a November 18, 2010 letter from the Department of Veterans Affairs ("VA"), states that Plaintiff submitted an administrative tort claim attempting to appeal the denial of VA benefits under FTCA but that his claim was "again denied" because it "does not fall within the jurisdiction of the FTCA." (Compl., Exh. 1). The letter advised Plaintiff that, if he was dissatisfied with the action taken on his claim, he could filed suit in federal District Court under the Federal Tort Claims Act within six months after the date of the letter. (*Id.*)

On August 3, 2012, Defendant filed the instant Motion to Dismiss. Plaintiff failed to timely respond to Plaintiff's Complaint, and the District Court issued an Order to Show Cause on December 11, 2012 requiring Plaintiff to respond within fourteen days of the entry of the Order. The District Court advised that "[f]ailure to respond to this order to show good cause will result in the dismissal of this complaint pursuant to Fed. R. Civ. P. 41(b)." Plaintiff filed a document entitled "Cause" (D.E. #19), which appears to be his Response to Defendant's Motion to Dismiss, on December 27, 2012—sixteen days after the entry of the District Court's Order to Show Cause.

On June 10, 2013, Plaintiff filed his Motion for Joinder. While Plaintiff continues to argue about his disability rating, it is not clear to the Court what relief his motion seeks.

## II. Proposed Legal Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion that attacks jurisdiction based upon the face of the pleading requires that the court accept the non-moving

2

party's allegation of facts as true. *DLX, Inc. v. Kentucky,* 381 F.3d 511, 516 (6th Cir.2004). A Rule 12(b)(1) motion that challenges the factual basis of the court's jurisdiction requires the party asserting jurisdiction bears the burden of establishing it. *Id.* The Court must be satisfied that the jurisdictional and standing requirements are met before addressing the substance of Plaintiff's claims on the merits. *Bell v. Hood*, 327 U.S. 678, 682 (1946).

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

### III. Proposed Conclusions of Law

As an initial matter, Plaintiff did not timely file his Response to the District Court's Order to Show Cause. Although the District Court ordered the Response to be filed within fourteen days after the entry of the Order, Plaintiff's response was not filed until sixteen days after the entry of the

3

Order. Thus, in accordance with the District Court's admonishment that a failure to timely respond "will" result in a dismissal pursuant to Rule 41(b), it is recommended that Plaintiff's Complaint be dismissed.

It is additionally recommended that Defendant's Motion to Dismiss be granted for lack of subject matter jurisdiction. "The Federal Tort Claims Act is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *United States v. Orleans*, 425 U.S. 807, 813 (1976). "The Tort Claims Act was never intended, and has not been construed by this Court, to reach employees or agents of all federally funded programs that confer benefits on people." *Id*. In determining whether a claim is properly brought under FTCA, a court must consider whether a plaintiff's claim actually alleges a tort or whether it stems from other conduct couched as tortious conduct. *Satterfield v. United States*, 788 F.2d 395, 399-400 (6th Cir. 1986) (concluding that Plaintiff's claim that sounded in negligence but actually stemmed from an intentional tort, which is not actionable under the FTCA, must be dismissed); *see also Rich Products Corp. v. United States*, 804 F. Supp. 1270, 1273 (reasoning that, in determining whether a complaint is actionable under the FTCA, "the court must look beyond the language in which the complaint is couched and consider the essence or gravamen of the suit" (internal quotations omitted)).

In the instant case, all of the factual allegations in Plaintiff's Complaint reference his dissatisfaction with his disability rating. While Plaintiff mentions various tortious theories and insists that "this case is not dealing with the denial of benefits" but with "misconduct and negligence of Veteran Affairs," the entirety of Plaintiff's Complaint suggests otherwise. As Plaintiff may not proceed under the FTCA by couching a claim in tort that in fact challenges the decision of

4

employees or agents that confer benefits, it is recommended that this Court lacks subject matter jurisdiction under 28 U.S.C. § 1346(b). For this reason, it is further recommended that Defendant's Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure be GRANTED and that Plaintiff's Motion for Joinder be DISMISSED AS MOOT.[1]

## III. Conclusion

For the reasons set forth herein, it is recommended that Defendant's Motion to Dismiss (D.E. #15) be GRANTED, that Plaintiff's Complaint be dismissed, and that Plaintiff's Motion for Joinder (D.E. #34) be DISMISSED AS MOOT.

**DATED** this 12th day of June, 2013.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**

---

[1] Plaintiff has also previously filed a pro se Complaint on February 27, 2009 in this Court against the United States Department of Veterans' Affairs, Disabled American Veterans, and Defense Finance and Accounting Service for a wrongful denial of his veterans benefits. *Stanley F. Wilson v. United States Department of Veterans' Affairs*, No. 08-2553-SHM-tmp. Although Plaintiff did not assert those claims under FTCA, the District Court dismissed Plaintiff's Complaint for lack of subject matter jurisdiction on February 27, 2009 because "[t]his Court is without jurisdiction to address Plaintiff's claims arising from the . . . denial of disability benefits."